# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ASSOCIATION OF NEW JERSEY
RIFLE & PISTOL CLUBS, INC.,
*et al.*,

    *Plaintiffs*,

 v.

GURBIR GREWAL, *et al.*,

    *Defendants*.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Hon. Peter G. Sheridan, U.S.D.J.
Hon. Lois H. Goodman, U.S.M.J.
Civil Action No. 18-cv-10507

## **CIVIL ACTION**

## **(ELECTRONICALLY FILED)**

## **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT AND CROSS-MOTION FOR A STAY**

David H. Thompson*
Peter A. Patterson*
Haley N. Proctor*
J. Joel Alicea*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com

Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com

*\*Admitted pro hac vice*

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................... ii

BACKGROUND ............................................................................................3

ARGUMENT ..................................................................................................4

I.     This Court Should Stay All Proceedings Pending the
       Supreme Court's Forthcoming Second Amendment Decision. .......................4

II.    This Court Should Stay Adjudication of the Pending Motions
       for Summary Judgment. ...............................................................10

CONCLUSION ..............................................................................................12

## TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                      <u>**Page**</u>

*Association of New Jersey Rifle & Pistol Clubs, Inc. v.*
   *Attorney Gen. New Jersey*, 910 F.3d 106 (3d Cir. 2018) ......................................1

*Association of New Jersey Rifle & Pistol Clubs, Inc. v. Grewal*,
   2018 WL 4688345 (D.N.J. Sept. 28, 2018) ..........................................................3

*Beazer E., Inc. v. Mead Corp.*, 525 F.3d 255 (3d Cir. 2008)...................................11

*Bechtel Corp. v. Local 215, Laborers' International Union of North America,*
   *AFL-CIO*, 544 F.2d 1207 (3d Cir. 1976) ................................................................8

*Caetano v. Massachusetts*, 136 S. Ct. 1027 (2016) .....................................................6

*Chester ex rel. NLRB v. Grane Healthcare Co.*,
   797 F. Supp. 2d 543 (W.D. Pa. 2011), ..............................................................11

*Clinton v. Jones*, 520 U.S. 681 (1997)..........................................................................4

*Council of Alt. Political Parties v. Hooks*, 179 F.3d 64 (3d Cir. 1999) .................12

*District of Columbia v. Heller*, 554 U.S. 570 (2008) ..................................................1

*Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*,
   864 F. Supp. 2d 316 (E.D. Pa. 2012)...................................................................11

*Heller v. District of Columbia*, 670 F.3d 1244 (D.C. Cir. 2011)..................1, 2, 6, 7

*In re Michaels Stores, Inc.*, 2016 WL 947150 (D.N.J. Mar. 14, 2016).....................8

*International Refugee Assistance Project v. Trump*,
   323 F. Supp. 3d 726 (D. Md. 2018)........................................................................8

*Jackson v. City & Cty. of San Francisco*, 135 S. Ct. 2799 (2015) ............................6

*Kachalsky v. County of Westchester*, 701 F.3d 81 (2d Cir. 2012)............................1

*Kolbe v. Hogan*, 849 F.3d 114 (4th Cir. 2017) ...........................................................1

*Landis v. North American Co.*, 299 U.S. 248 (1936) ..................................................4

*Mastec Renewables Constr. Co., Inc. v. Mercer Cty. Improvement Auth.*,
   2017 WL 6493141 (D.N.J. Dec. 19, 2017)............................................................4

*McDonald v. City of Chicago*, 561 U.S. 742 (2010) ..................................................1

*Peruta v. California*, 137 S. Ct. 1995 (2017) ............................................................6

*Remington Rand Corp.-Delaware v. Business Sys. Inc.*,
   830 F.2d 1274 (3d Cir. 1987) ................................................................................8

*Sheet Metal Workers Int'l Ass'n, Local Union No. 19 v. United States Dep't of Veterans Affairs*, 135 F.3d 891 (3d Cir. 1998) ..............11

*Takacs v. Middlesex Cty.*, 2011 WL 1375682 (D.N.J. Apr. 12, 2011).....................8

*Young v. State of Hawaii*, No. 12-17808 (9th Cir. Feb. 14, 2019) ...........................9

*Zichy v. City of Philadelphia*, 590 F.2d 503 (3d Cir. 1979) ....................................12

## Statutes

N.J. STAT. ANN. § 2C:39-19(a) ...................................................................................5

N.J. STAT. ANN. § 2C:39-19(b) ...................................................................................5

N.J. STAT. ANN. § 2C:39-19(c) ...................................................................................5

## Other

18B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FED. PRAC. & PROC. JURIS. § 4478 (2d ed.) ......................................................................................11, 12

Order, *New York State Rifle & Pistol Association, Inc. v. City of New York*, No. 18-280, 2019 WL 271961 (U.S. Jan. 22, 2019)................................................2

Petition for Writ of Certiorari, *New York State Rifle & Pistol Ass'n v. City of New York*, 2018 WL 4275878 (U.S. Sept. 4, 2018).............................6, 7

Plaintiffs-Appellants' Petition for Rehearing En Banc, *Association of New Jersey Rifle & Pistol Clubs, Inc. v. Attorney Gen. New Jersey*, No. 18-3170 (3d Cir. Dec. 19, 2018).......................................................7

Reply Brief for Petitioners, *New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 2018 WL 6242386 (U.S. Nov. 28, 2018)...........................................6

In 2010, the Supreme Court held that the individual right to keep and bear arms recognized in *District of Columbia v. Heller*, 554 U.S. 570 (2008), applied to the States. *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010). In the near-decade since then, the Supreme Court has remained almost entirely silent about the proper analysis to be applied in Second Amendment cases. That silence has led to a mass of confusion among the lower federal courts. Some judges have employed a common-use test to determine the Amendment's scope, *see, e.g.*, *Heller v. District of Columbia (Heller II)*, 670 F.3d 1244, 1260–61 (D.C. Cir. 2011), while others have not, *see, e.g.*, *Kolbe v. Hogan*, 849 F.3d 114, 141–44 (4th Cir. 2017). Some judges have subjected arms regulations to a tiers-of-scrutiny analysis, *Kachalsky v. County of Westchester*, 701 F.3d 81, 93–101 (2d Cir. 2012), while others have not, *see, e.g.*, *Heller II*, 670 F.3d at 1271–85(Kavanaugh, J., dissenting). And some judges have closely scrutinized the justifications and evidence offered in support of arms regulations, *see, e.g.*, *Association of New Jersey Rifle & Pistol Clubs, Inc. (ANJRPC) v. Attorney Gen. New Jersey*, 910 F.3d 106, 130–34 (3d Cir. 2018) (Bibas, J., dissenting), while others have not, *see, e.g. id.* at 117–23 (majority opinion). In short, the Supreme Court's refusal to reenter this arena has led to uncertainty about both the proper analysis and results in Second Amendment cases, including in the context of magazine bans.

1

The Supreme Court's silence is about to end. On January 22, 2019, the Court granted certiorari in *New York State Rifle & Pistol Association, Inc. (NYSRPA) v. City of New York*, a petition challenging the constitutionality of a New York City firearm regulation under the Second Amendment. No. 18-280, 2019 WL 271961, at *1 (U.S. Jan. 22, 2019). After years of turning aside requests that it provide further instruction to lower courts, the Supreme Court has finally agreed to do so. *NYSRPA* thus promises to give this Court and the Third Circuit much-needed guidance about how to analyze New Jersey's magazine ban.

Yet, Defendants urge this Court to ignore the Supreme Court's forthcoming guidance. Instead, the State would have this Court enter final judgment now, disregarding the binding precedent that *NYSRPA* promises to deliver. There is no reason for this premature action, which will only force the parties to waste time litigating this case up to the Supreme Court with the likely result of a remand back to this Court in light of *NYSRPA*. Defendants will suffer no prejudice whatsoever from awaiting the Supreme Court's decision in *NYSRPA*, and both this Court and the parties will save valuable time and resources. This Court should grant Plaintiffs' motion to stay all proceedings, including adjudication of the pending motions for summary judgment, until the Supreme Court issues its decision in *NYSRPA*.

2

## BACKGROUND

On June 13, 2018, the Governor of New Jersey signed into law Act A2761, "which makes it unlawful for any person in New Jersey, with certain exceptions, to possess any firearm magazines that are capable of holding more than ten rounds of ammunition." *Association of New Jersey Rifle & Pistol Clubs, Inc. (ANJRPC) v. Grewal*, 2018 WL 4688345, at *1 (D.N.J. Sept. 28, 2018) (footnote omitted). That same day, Plaintiffs filed a complaint in this Court arguing that the State's magazine ban violated the Second, Fifth, and Fourteenth Amendments to the U.S. Constitution. *Id.* at *2. Plaintiffs moved for a preliminary injunction eight days later, Notice of Mot. for a Prelim. Inj. (June 21, 2018), Doc. 7, and this Court ordered that an evidentiary hearing take place on August 13, 16, and 17, Order (July 13, 2018), Doc. 47. Following post-hearing briefing and oral argument, this Court issued its decision on September 28 denying Plaintiffs' motion for a preliminary injunction and their motion for an injunction pending appeal. *ANJRPC*, 2018 WL 4688345, at *16.

Plaintiffs immediately appealed to the Third Circuit. Following briefing and oral argument, the Third Circuit issued a decision on December 5, 2018, affirming this Court's denial of preliminary injunctive relief, over the dissent of Judge Bibas. *ANJRPC*, 910 F.3d at 126. Plaintiffs subsequently moved for rehearing en banc, and the Third Circuit denied Plaintiffs' motion on January 9, 2019. On January 22, 2019, the Supreme Court granted review in *NYSRPA*. *See* 2019 WL 271961, at *1.

## ARGUMENT

**I.     This Court Should Stay All Proceedings Pending the
       Supreme Court's Forthcoming Second Amendment Decision.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256. In adjudicating a stay motion, courts typically consider several factors, including:

> whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Mastec Renewables Constr. Co., Inc. v. Mercer Cty. Improvement Auth.*, 2017 WL 6493141, at *3 (D.N.J. Dec. 19, 2017).

These traditional considerations overwhelmingly favor a stay here. First, a stay would not prejudice Defendants in any way. Because the Third Circuit affirmed this Court's denial of a preliminary injunction, Act A2761 is now—and will continue to be—in effect throughout the period of a stay. Those New Jersey citizens who possessed standard-capacity magazines prior to the enactment of Act A2761 have

4

already had to exercise one of the three options provided to them in the statute to ensure compliance with the magazine ban: (1) surrender their SCMs to the government, N.J. STAT. ANN. § 2C:39-19(c); (2) transfer their SCMs to "any person or firm lawfully entitled to own or possess that firearm or magazine," N.J. STAT. ANN. § 2C:39-19(a); or (3) "[r]ender the . . . magazine inoperable" or permanently alter it to accept 10 rounds or fewer, N.J. STAT. ANN. § 2C:39-19(b). Because the State will be able to continue enforcing its ban while a stay is in effect, the stay will have no effect on Defendants' asserted interests.

The State might respond by arguing that a stay will prevent it from having certainty that its law is constitutional, but that argument holds no water. Even if this litigation were somehow to end *today*, that would not prevent a future plaintiff from challenging New Jersey's magazine ban in light of the new Second Amendment precedent that will be established by the Supreme Court's forthcoming decision in *NYSRPA*. In other words, the constitutionality of New Jersey's magazine ban cannot be resolved before the Supreme Court issues its decision in *NYSRPA*, so the State will not gain any certainty about the constitutional status of its ban by obtaining a final judgment in this case now. Defendants therefore lose nothing from a stay.

Second, a stay is the most efficient and simplest next step in this litigation because it is likely that the Supreme Court's decision in *NYSRPA* will affect the analysis governing Plaintiffs' Second Amendment claims, and it therefore makes

sense to await the *NYSRPA* decision before proceeding with this case. Petitioner in *NYSRPA* has expressly called on the Supreme Court to provide "clarification of the proper analysis" to apply in Second Amendment cases because "there is no context in which this kind of [clarification] is more essential." Reply Brief for Petitioners, *New York State Rifle & Pistol Ass'n, Inc. v. City of New York*, 2018 WL 6242386, at *9, *8 (U.S. Nov. 28, 2018). This call for clarity comes after several Justices have issued separate opinions expressing frustration with the way in which lower courts have applied *Heller* and *McDonald. See, e.g.*, *Peruta v. California*, 137 S. Ct. 1995, 1999 (2017) (Thomas, J., joined by Gorsuch, J., dissenting from the denial of certiorari); *Caetano v. Massachusetts*, 136 S. Ct. 1027, 1033 (2016) (Alito, J., joined by Thomas, J., concurring in the judgment); *Jackson v. City & Cty. of San Francisco*, 135 S. Ct. 2799, 2801–02 (2015) (Thomas, J., joined by Scalia, J., dissenting from the denial of certiorari); *Heller II*, 670 F.3d at 1271–85 (Kavanaugh, J., dissenting). *NYSRPA* is therefore likely to produce an important clarification of Second Amendment doctrine.

Moreover, there is a very good chance that such a clarification will adopt arguments that Plaintiffs have been making in this litigation. Petitioner in *NYSRPA* has argued that the lower federal courts have issued decisions "diluting heightened scrutiny in the Second Amendment context beyond all recognition." Petition for Writ of Certiorari, *New York State Rifle & Pistol Ass'n v. City of New York*, 2018 WL

6

4275878, at *21–22 (U.S. Sept. 4, 2018) ("*NYSRPA* Cert. Pet."). That is precisely the criticism that Plaintiffs have levelled against the Third Circuit's opinion in this case. *See* Plaintiffs-Appellants' Petition for Rehearing En Banc, *Association of New Jersey Rifle & Pistol Clubs, Inc. v. Attorney Gen. New Jersey*, No. 18-3170 at 6–9 (3d Cir. Dec. 19, 2018) ("Reh'g Pet."). Petitioner in *NYSRPA* has argued that the decisions of lower courts are "utterly inconsistent with this Court's insistence in *McDonald* that the Second Amendment is not a second-class right." *NYSRPA* Cert. Pet. at 25; *see also id.* at 17. Again, that is how Plaintiffs have characterized the Third Circuit's opinion here. *See, e.g.*, Reh'g Pet. at 1–2. Finally, and perhaps most importantly, Justice Kavanaugh has previously argued that *Heller* and *McDonald* forbid the use of a tiers-of-scrutiny approach and instead require an analysis based on text and history. *See Heller II*, 670 F.3d at 1271–85 (Kavanaugh, J., dissenting). Again, that is what Plaintiffs have urged in this litigation. *See* Reh'g Pet. at 13–16. If the Supreme Court were to agree with any of the foregoing points, it would, at a minimum, significantly change the Second Amendment analysis governing this case. Indeed, because Defendants cannot carry their burden under traditional intermediate scrutiny or under a text-and-history approach, *see* Reh'g Pet. at 9–11, 13–16, the Supreme Court's adoption of either test would resolve this case in Plaintiffs' favor.

The possibility that a forthcoming judicial decision will affect the analysis in a pending case—and perhaps even resolve it—is a well-established reason for granting a stay. *See, e.g.*, *International Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 732 (D. Md. 2018). This stems from the "general principle" that "duplicative litigation in the federal court system is to be avoided," and if a forthcoming decision could affect a case, it makes little sense to proceed and be forced to redo the analysis after the decision is issued. *Remington Rand Corp.- Delaware v. Business Sys. Inc.*, 830 F.2d 1274, 1275–76 (3d Cir. 1987). In *Landis*, for instance, the Supreme Court observed that, where a future judicial decision "may not settle every question of fact and law" "but in all likelihood . . . will settle many and simplify them all," there was a good argument for a stay. 299 U.S. at 256. Similarly, in *Bechtel Corp. v. Local 215, Laborers' International Union of North America, AFL-CIO*, the Third Circuit affirmed a stay because a pending arbitration might have eliminated one of the claims at issue, and although it was uncertain "whether this w[ould] in fact occur," "*the possibility* [wa]s sufficient justification to warrant the stay." 544 F.2d 1207, 1215 (3d Cir. 1976) (emphasis added). That same logic has led this Court to stay proceedings in light of pending Supreme Court cases numerous times, *see, e.g.*, *In re Michaels Stores, Inc.*, 2016 WL 947150, at *4 (D.N.J. Mar. 14, 2016); *Takacs v. Middlesex Cty.*, 2011 WL 1375682, at *3 (D.N.J. Apr. 12, 2011), and that same logic supports a stay here.

Indeed, failing to grant a stay is likely to simply waste this Court's and the parties' time and resources. If this Court were to grant summary judgment in the near future, the losing party would likely appeal to the Third Circuit, and if the Third Circuit were to affirm, the losing party would likely seek review from the Supreme Court. It is highly improbable that the Supreme Court would simply deny a petition in this case while *NYSRPA* remained pending. Rather, at the very least, the Court would likely hold the petition and then grant, vacate, and remand the case in light of *NYSRPA*. Thus, if this Court refuses to stay proceedings, it is very likely that the parties and this Court will be right back where we are now in a little over a year's time, after the Supreme Court issues its decision in *NYSRPA*. The most efficient course, therefore, is to simply stay proceedings and await the outcome of *NYSRPA*.

This Court would not be the first to do so. Shortly after the Supreme Court granted certiorari in *NYSRPA*, the Ninth Circuit issued an order staying en banc proceedings in *Young v. State of Hawaii*, No. 12-17808 (9th Cir. Feb. 14, 2019), Doc. 209, a case relating to the carrying of firearms outside the home. This Court should adopt the same commonsense approach as the Ninth Circuit and stay proceedings until the Supreme Court issues its decision in *NYSRPA*.

Third, failure to stay proceedings would prejudice Plaintiffs precisely because it would waste party resources. By entering judgment now, this Court would ensure that the parties spend the next year litigating this case up through the Third Circuit

9

and to the Supreme Court—only to likely end up back in this Court on remand after the Supreme Court issues its decision in *NYSRPA*. That pointless exercise could be avoided by simply awaiting the Supreme Court's guidance in *NYSRPA*.

Finally, the stage of proceedings supports a stay. The parties are not on the brink of trial or some long-awaited event. Rather, the conclusion of preliminary-injunction proceedings is a natural place to pause this litigation, receive further guidance from the Supreme Court, and then either proceed with further discovery or with motions for summary judgment. One phase of this case is over, and another is about to begin. There is no reason to begin before knowing what the Supreme Court will say in *NYSRPA*.

## II.   This Court Should Stay Adjudication of the Pending Motions for Summary Judgment.

For the foregoing reasons, even assuming that Defendants' arguments regarding the precedential and law-of-the-case effects of the Third Circuit's decision are correct, Plaintiffs oppose Defendants' motions for summary judgment. Rather than prematurely entering judgment before the Supreme Court decides *NYSRPA*, this Court should stay the adjudication of Defendants' motions and Plaintiffs' cross-motion for summary judgment.[1]

---

[1] Plaintiffs concede that, in light of this Court's previous opinion in this case based on the same record, this Court cannot grant summary judgment in their favor. We nonetheless protectively move for summary judgment to ensure that there is no

If the Supreme Court's analysis in *NYSRPA* turns out to be inconsistent with the Third Circuit's analysis in this case, the Third Circuit's opinion would be abrogated, and the State could no longer maintain that the opinion bound this Court. *See Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, 864 F. Supp. 2d 316, 326 (E.D. Pa. 2012) (Third Circuit precedent abrogated in light of intervening Supreme Court precedent); *Chester ex rel. NLRB v. Grane Healthcare Co.*, 797 F. Supp. 2d 543, 551 (W.D. Pa. 2011) (same), *aff'd in part, remanded in part*, 666 F.3d 87 (3d Cir. 2011) (disagreeing that its precedent had been abrogated but not questioning district court's authority to hold otherwise). That is because "a change [by the Supreme Court] in the legal test or standard governing a particular area is a change binding on lower courts that makes results reached under a repudiated legal standard no longer binding." *Sheet Metal Workers Int'l Ass'n, Local Union No. 19 v. United States Dep't of Veterans Affairs*, 135 F.3d 891, 902 (3d Cir. 1998) (alteration in original).

Similarly, "[a]n exception to normal law of the case and waiver rules is recognized when an intervening decision from a superior court changes the controlling law." *Beazer E., Inc. v. Mead Corp.*, 525 F.3d 255, 263 (3d Cir. 2008); *see also* 18B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FED. PRAC. & PROC.

---

obstacle to this Court or a higher court entering judgment in Plaintiffs' favor in subsequent proceedings.

11

JURIS. § 4478 (2d ed.). For example, in *Zichy v. City of Philadelphia*, the Third Circuit held that it was not bound by an earlier panel opinion because an intervening Supreme Court opinion had changed governing law. 590 F.2d 503, 508 (3d Cir. 1979); *see also Council of Alt. Political Parties v. Hook*s, 179 F.3d 64, 69 (3d Cir. 1999) (Alito, J.) (panel was not bound by prior panel's preliminary injunction decision due to change in governing law). Thus, it makes no sense to enter judgment now, even assuming that Defendants' arguments in favor of summary judgment are correct, since the Supreme Court's intervening decision in *NYSRPA* will likely abrogate the Third Circuit's analysis and force this Court to re-adjudicate the parties' summary judgment motions in the future.

## CONCLUSION

Plaintiffs respectfully request that this Court enter an order staying all proceedings, including the adjudication of the pending motions for summary judgment, until the Supreme Court issues its decision in *NYSRPA*.

Dated:  March 18, 2019

David H. Thompson*
Peter A. Patterson*
Haley N. Proctor*
J. Joel Alicea*
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 220-9600
(202) 220-9601 (fax)
dthompson@cooperkirk.com

 *Appearing *pro hac vice*

Respectfully submitted,

/s/ Daniel L. Schmutter
Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, New Jersey 07450
(201) 967-8040
(201) 967-0590 (fax)
dschmutter@hartmanwinnicki.com

*Attorneys for Plaintiffs*

13