UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Association of New Jersey Rifle & Pistol Clubs, Inc., *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>Gurbir Grewal, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No.<br>3:18-cv-10507 (PGS) (LHG)<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on several motions: three motions for summary judgment filed by Defendants, (ECF Nos. 84, 85, 86); a cross-motion for summary judgment filed by Plaintiffs, (ECF No. 92); and a motion to stay proceedings in this action, filed by Plaintiffs, pending the outcome of a case, which is currently pending before the Supreme Court, (ECF No. 91). This action concerns the constitutionality of a New Jersey statute regulating the capacity of firearm magazines. More specifically, on June 13, 2018, New Jersey enacted a law which, with certain exceptions, makes it unlawful for any person in the state to possess any firearm magazines that are capable of holding more than ten rounds of ammunition. *See* L. 2018, c. 39 § 1.

**I.**

On the same day that New Jersey enacted that law, Plaintiffs filed the present lawsuit, seeking its invalidation and sought a preliminary injunction. The Court held a three-day hearing on August 13, 16, and 17, 2018, during which it heard the testimony of various expert witnesses.

Closing arguments were made on September 6, 2018. On September 28, 2018, the Court entered a Memorandum and Order wherein it denied Plaintiffs' motion to enjoin enforcement of the statute.

On December 5, 2018, over a dissent, the Third Circuit affirmed. *See Ass'n of N.J. Rifle and Pistol Clubs, Inc. v. Attorney General New Jersey*, 910 F.3d 106 (3d Cir. 2018). On January 9, 2019, the Third Circuit denied Plaintiffs' petition for rehearing en banc. *Ass'n of N.J. Rifle and Pistol Clubs, Inc. v. Attorney General New Jersey*, No. 18-3170 (3d Cir. Jan. 9, 2019).

## II.

As this case was proceeding, another, similar case was proceeding in a neighboring state. Specifically, a group of Plaintiffs brought an action in the Southern District of New York seeking:

> to partially invalidate 38 RCNY § 5-23, which limits transport of a handgun through the following provision: "To maintain proficiency in the use of the handgun, the licensee may transport her/his handgun(s) directly to and from an unauthorized small arms range/shooting club, unloaded, in a locked container, the ammunition to be carried separately."

*N.Y. State Rifle & Pistol Ass'n (NYSRPA) v. City of New York*, 86 F. Supp. 3d 249, 253 (S.D.N.Y. 2015). On February 5, 2015, the court entered summary judgment in favor of the City of New York.

On February 23, 2018, the Second Circuit affirmed the district court opinion. *NYSRPA v. City of New York*, 883 F.3d 45 (2d Cir. 2018). On January 22, 2019, the Supreme Court granted the plaintiffs' petition for a writ of certiorari. *NYSRPA v. City of New York*, 139 S. Ct. 939 (2019).

## LEGAL ANALYSIS

### Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). A court

2

considering a motion to stay proceedings "must weigh competing interests and maintain an even balance." *Id.* at 254-55. The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else." *Id.* at 255.

A multifactor balancing test applies to the determination:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party, (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case, and (4) whether discovery is complete and/or a trial date has been set.

*Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (citation omitted). Additional considerations also "arise depending upon the circumstances for which the movant requests a stay." *Id.* "Where a stay is sought pending resolution of purportedly related litigation, . . . courts consider whether resolution of the related litigation would substantially impact or otherwise render moot the present action." *Id.* Applying these factors, the Court finds as follows.

First, Defendants – the nonmoving parties will suffer prejudice by the issuance of a stay. Although the statute has already gone into effect, a stay would create uncertainty with regard to its constitutionality. The State would be prejudiced by enforcing a law the constitutionality of which remains in doubt. Therefore, the first factor weighs against issuing a stay.

Second, is it unclear how denying a stay would create a clear hardship or inequity for the moving party. If the Court were to rule against Plaintiffs, they would suffer no prejudice, as they have already had to comply with the requirements of the new law by divesting themselves of magazines that hold over ten rounds of ammunition. If the Court were to rule in favor of Plaintiffs, they would clearly suffer no prejudice. Therefore, the second factor weighs against issuing a stay.

<u>Third</u>, the legal issue before the Supreme Court is distinct from that before this Court. The *NYSRPA* case involves a restriction on the right to carry a firearm in public. This case involves the possession of large capacity magazines. Therefore, the Supreme Court's decision in *NYSRPA* is unlikely to simplify the legal issues presented in this case. The third factor weighs against issuing a stay.[1]

<u>Fourth</u>, the Court has already heard testimony in a motion for a preliminary injunction, and the Third Circuit has resolved an appeal of that ruling. Also, discovery appears to be complete, as both parties have moved for summary judgment. Therefore, the fourth factor also weighs against issuing a stay.

In determining whether to issue a stay, the Court finds that all four factors weigh against doing so. Therefore, a stay is not warranted pending the outcome of the Supreme Court's decision in *NYSRPA*.

## Summary Judgment

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all

---

[1] This analysis also shows that the resolution of *NYSRPA* by the Supreme Court would neither render moot nor substantially impact the present action; another consideration noted in *Ashkev*, 23 F. Supp. 3d at 446.

justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring nonmoving party to set forth specific facts showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, after drawing all inferences in favor of [the non-moving party] and making all credibility determinations in his favor "that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. App'x 222, 227 (3d Cir. 2007).

The Court recognizes that a different standard applies here – at the summary judgment stage – than applied on the petition for preliminary injunction. However, the Third Circuit has issued a precedential decision that resolves all legal issues in this case and there remains no genuine disputes of material fact. More specifically, the Third Circuit explicitly held that the New Jersey law "does not" violate "the Second Amendment, the Fifth Amendment's Takings Clause, and the Fourteenth Amendment's Equal Protection Clause." Therefore, because it is binding Third Circuit

precedent that the New Jersey law is constitutional, the Court shall grant Defendants' motions for summary judgment and deny Plaintiffs' cross-motion.

## ORDER

For the reasons stated herein and for good cause shown,

IT IS on this 24 day of July, 2019

**ORDERED** that the motion for summary judgment filed by Defendants Patrick Callahan and Gurbir Grewal (ECF No. 84) is granted; and it is further

**ORDERED** that the motion for summary judgment filed by Defendant James O'Connor (ECF No. 85) is granted; and it is further

**ORDERED** that the motion for summary judgment filed by Defendant Thomas Williver (ECF No. 86) is granted;

**ORDERED** that Plaintiffs' cross-motion to stay (ECF No. 91) is denied; and it is further

**ORDERED** that Plaintiffs' cross-motion for summary judgment (ECF No. 92) is denied.

_____
PETER G. SHERIDAN, U.S.D.J.