UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

ASSOCIATION OF NEW JERSEY RIFLE  
& PISTOL CLUBS, INC., et al.

    Plaintiffs,

v.

MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, et al.

    Defendants.
_____

    Civil Action No.  
    3:18-cv-10507 (PGS)

**MEMORANDUM AND ORDER GRANTING MOTION TO CONSOLIDATE FOR COORDINATION OF DISCOVERY (ECF 128)**

_____

MARK CHEESEMAN, TIMOTHY CONNELLY, and FIREARMS POLICY COALITION, INC.,

    Plaintiffs,

v.

MATTHEW J. PLATKIN, in his official capacity as Acting Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey State Police, CHRISTINE A. HOFFMAN, in her official capacity as Acting Gloucester County Prosecutor, and BRADLEY D. BILLHIMER, in his official capacity as Ocean County Prosecutor,

    Defendants.
_____

    Civil Action No.  
    1:22-cv-4360 (RMB)

1

_____

BLAKE ELLMAN, THOMAS R. ROGERS,
and ASSOCIATION OF NEW JERSEY RIFLE
& PISTOL CLUBS, INC.,

   Plaintiffs,

v.

MATTHEW J. PLATKIN, in his official capacity
as Attorney General of New Jersey,
PATRICK J. CALLAHAN, in his official capacity
as Superintendent of the New Jersey State Police,
LT. RYAN MCNAMEE, in his official capacity as
Officer in Charge of the Chester Police
Department, and KENNETH BROWN, JR.,
in his official capacity as Chief of the Wall
Township Police Department,

   Defendants.
_____

Civil Action No.
3:22-cv-4397 (PGS)

On November 18, 2022, Attorney General Platkin moved to consolidate the three captioned cases referred to herein as the *Association* case (Docket No. 18-cv-10507), *Cheeseman* case (Docket No. 22-cv-4360) and the *Ellman* case (Docket No. 22-cv-4397). (ECF No. 128).

In late August 2022, the Third Circuit remanded the *Association* case because a recent Supreme Court case "provided . . . significant guidance on the scope of the Second Amendment and the particular historical inquiry courts must undertake." *Association* case (ECF No. 109, p. 2 of 9). *See*, *N.Y. State Rifle & Pistol Ass'n v. Bruen,* 142 S. Ct. 2111 (2022). As Judge Jordan explained in a footnote:

2

> But the Court's decision in *Bruen* also provided lower courts with new and significant guidance on the scope of the Second Amendment and the particular historical inquiry that courts must undertake when deciding Second Amendment claims. *Id.* at 2126-27, 2131-38. In light of that guidance, the State has requested a remand for further record development, targeted at the legal and historical analysis required under *Bruen*. Given the additional guidance provided in *Bruen* – and given that our last decision in this case turned on law-of-the-case considerations that are no longer in play – it is appropriate to afford the State that opportunity, consistent with our prior practice.

(internal citations omitted) (ECF No. 109, p. 2 of 9).

Given that the Court must develop a record "targeted at the legal and historical analysis required under *Bruen*" in the *Association* case, this motion focuses on whether the *Cheeseman* and *Ellman* cases require the same analysis on the production of such historical evidence.  To determine the motion to consolidate, analysis under Rule 42 and its case law is appropriate.

Rule 42(a) permits the Court to (1) join for hearing or trial any or all matters at issue; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay in action(s) involving common questions of law or fact. (Fed. R. Civ. P. 42(a)). "Rule 42(a) is permissive and grants the court broad discretionary powers to order consolidation if it would advance the administration of justice and avoid unnecessary costs or delay." *Durso v. Samsung Elecs. Am., Inc.,* No. 2:12-CV-05352, 2014 WL

3

1232332, at *1 (D.N.J. Mar. 24, 2014) *(citing Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80–81 (D.N.J.1993); *Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 32 (N.D. Ill.1980). Rule 42(a) contemplates consolidation for pretrial purposes. Therefore, the court must balance factors including "the interest or efficiency and judicial economy gained through consolidation against the delay or expense that might result from simultaneous disposition of separate actions." *Id*.

"A motion to consolidate may be denied if the common issue is not a principle one, if it will cause delay in one of the cases, or will lead to confusion or prejudice in the trial of a case." *Farahmand v. Rumsfeld*, CIV.A. 02-1236, 2002 WL 31630709 (E.D. Penn Nov. 20, 2002) (citing 9 C. Wright & A. Miller, Federal Practice and Procedure, § 2382 (Civil 2d.1995). "Where the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues." *Liberty Lincoln Mercury, Inc.*, 149 F.R.D. at 81. "Finally, a court may deny consolidation when one case is further into the discovery process." *Farahmand v. Rumsfeld*, CIV. A. 02-1236, 2002 WL 31630709 (E.D. Penn. Nov. 20, 2002) (citing 9 C. Wright & A. Miller, Federal Practice and Procedure, § 2382 (Civil 2d. 1995); *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (D. Miss. 1989) (denying a motion for consolidation where the cases were at different stages of preparedness for trial).

The moving party bears the burden of proof on a motion for consolidation. *See In re Consolidated Parlodel Litigation*, 182 F.R.D. 441, 444 (D.N.J.1998); *Schneck v.*

*International Business Machines Corp.*, CIV.A. NO. 92-4370, 1996 WL 885789 *3 (D.N.J. June 15, 1996).

I am also mindful that consolidation need not be only for trial. "Consolidation of actions in their pretrial stage, under many circumstances, will be a desirable administrative technique and is within the power of the court." 9A Fed. Prac. & Proc. Civ. § 2382 (3d ed.) "'The purpose of consolidation is to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.'" *In re TMI Litigation*, 193 F.3d 613, 724 (3d Cir. 1999) (quoting *In re Prudential Securities Inc. Ltd. Partnerships Litigation*, 158 F.R.D. 562, 571 (S.D.N.Y.1994).

Upon weighing the benefits of consolidation against potential prejudice to the parties, courts in this circuit have consolidated matters for pretrial purposes only. *See Smithkline Beecham Corp. v. Geneva Pharm, Inc*., No. 99–CV–2926, 2001 WL 1249694, at *6 (E.D. Pa. Sept. 26, 2001) (reasoning that consolidation is warranted but due to the complexity of the cases, consolidation is applicable to pretrial but "upon conclusion of discovery the parties may request further consolidation and/or bifurcation of issues for trial purposes."); *See also Specialty Surgery of Middletown v. Aetna Health, Inc*., 2012 WL 4103886, *1 (D.N.J. 2012); *Surgical Ctr. of North Brunswick v. Aetna Health, Inc*., No. 12-3678, 2012 WL 4120777 (D.N.J. Sept. 19, 2012).

There are many similarities between the *Association*, *Cheeseman* and *Ellman* cases:

5

1.	The *Association* and *Ellman* cases share common plaintiffs and plaintiffs' attorneys. The *Association* and *Ellman* cases are represented by Daniel L. Schmutter of Hartman & Winnicki, P.C..

2.	The *Association* and *Ellman* cases share common defendant and defense counsel Ryan McNamee is represented by Kathleen Fennelly, Esq..

3.	The *Association*, *Cheeseman* and *Ellman* cases share common defendants and defense counsel. Matthew Platkin, Attorney General, is represented by Nicholas Kant, Deputy Attorney General and so is Patrick Callahan.

4.	*Bruen* applies to all three cases. The *Association*, *Cheeseman* and *Ellman* cases require the Attorney General to defend state statutes by establishing a historical connection justifying the statute at issue, thereby raising a common area of inquiry. According to the Attorney General, this requires the presentation of historical evidence through an expert.

5.	All three cases are at the same procedural stage. Counsel in the *Association* case argues that a record has been established in that case, but not in the *Cheeseman* and *Ellman* cases. Although some evidence is in the record, the argument misses the point. That is, historical evidence, which is the central issue here, has not been developed in the *Association* case. From that perspective, the historical evidence must be produced in each case. In addition, all three cases are summary proceedings. Each will require dispositive motions or a non-jury trial after discovery is completed. The litigation of all cases should operate on the same track and within the same timeframe.

6.     The *Association*, *Cheeseman* and *Ellman* cases all challenge the constitutionality of statutes under the Fourteenth Amendment, as well.  Most likely, any discovery will probably overlap.

7.     Plaintiffs' counsel in the *Association* case distinguishes that case which challenges a New Jersey equipment regulation (magazine capacity) from the *Cheeseman* and *Ellman* cases which challenges New Jersey's ban on possessing assault firearms. However, the cases all involve Second Amendment challenges, and are all subject to historical evidence called for in *Bruen* that the Attorney General seeks to develop.

8.     There are overlapping challenges of statutes in the *Association*, *Cheeseman* and *Ellman* cases because the regulations concern interrelated and complementary firearms and munitions that are regulated for their capability of inflicting damage on a mass scale.

As noted earlier, I have some discretion in determining whether to consolidate the three cases.  At the present time, two of the three cases (*Association* and *Ellman*) are assigned to me.  Based on the similarities and parties outlined above, it is appropriate to consolidate for coordination of discovery, and once it is completed, to determine whether consolidation is the best method for disposition.

The main goal in consolidating is to develop the historical evidence and discovery. The simultaneous production of same will improve efficiency and maximize judicial economy, especially since the Attorney General will be presenting one expert in each case.

7

Heeding Judge Matey's dissent in the remand order, Judge Matey argued that not much has changed since the *Heller* case. ( ECF No. 109, pp. 3-4 of 9).  *District of Columbia v. Heller*, 554 U.S. 570, 592 (2008).  And the history of ten round magazines is presently known to track back to 1866 (ECF No. 109, p. 4 of 9).  Judge Matey concludes that the development of the text, history and traditional evidence is unwarranted because "we should not wait for more of the same to lurch through litigation before turning to the task at hand." (ECF No. 109, p. 4 of 9).  To me, Judge Matey's goal for expeditious resolution will occur more efficiently by taking several months to develop the historical evidence in the three cases so that it can be brought before the Third Circuit without any challenge from the Attorney General about the record being incomplete.

On the other hand, the Attorney General keeps moving the goalposts on the length of the delay necessary to develop the evidence and conduct discovery.  My recollection is that in September, 2022, the Attorney General informally requested a few months; that timeframe grew to nine months in a submission in November, 2022; and now, there has been a rumor that he intends to ask for a year to complete discovery. (ECF No. 129). This simply cannot occur.   Judge Matey is fearful that the proceedings may last another four years. (ECF No. 109, p. 9 of 9).  If we adhere to the Attorney General's moving timeline, Judge Matey may be correct.

The development of historical evidence and discovery will be expedited by consolidating for coordination of discovery.  After discovery is complete, I will revisit the issue to determine if consolidation is appropriate for disposition of the case.

8

Magistrate Judge Goodman shall oversee discovery, and the discovery schedule should consider the requests of the parties, and to the extent practicable, conform with the schedule set in the *Cheeseman* case.

## ORDER

This matter having been brought before the Court on a motion to consolidate; and the Court having considered the briefs of the parties, and having heard oral argument on January 25, 2023; and for the reasons set forth above;

It is on this 3rd day of February, 2023;

ORDERED that the motion to consolidate (ECF No. 128) is granted; and it is further;

ORDERED that the *Association* (18-cv-10507), *Cheeseman* (22-cv-4360) and *Ellman* (22-cv-4397) cases are consolidated for coordination of discovery.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.