[Docket No. 232]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., BLAKE ELLMAN, and MARC WEINBERG,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of New Jersey Division of State Police, RYAN MCNAMEE, in his official capacity as Chief of Police of the Chester Police Department, and JOSEPH MADDEN, in his official capacity as Chief of Police of the Park Ridge Police Department,<br><br>　　　　Defendants. | No. 18-cv-10507 (RMB-JBD) |
| MARK CHEESEMAN, TIMOTHY CONNOLLY, and FIREARMS POLICY COALITION, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MATTHEW PLATKIN, in his official capacity as Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of New Jersey Division of State Police, CHRISTINE A. HOFFMAN, in her official capacity as Acting Gloucester County Prosecutor, and BRADLEY D. BILLHIMER, in his official capacity as Ocean County Prosecutor,<br><br>　　　　Defendants. | No. 22-cv-4360 (RMB-JBD) |

BLAKE ELLMAN, THOMAS R. ROGERS, and
ASSOCIATION OF NEW JERSEY RIFLE &
PISTOL CLUBS, INC.,

        Plaintiffs,

   v.

MATTHEW PLATKIN, in his official capacity as
Attorney General of New Jersey, PATRICK J.
CALLAHAN, in his official capacity as
Superintendent of New Jersey Division of State
Police, LT. RYAN MCNAMEE, in his official
capacity as Officer in Charge of the Chester Police
Department, and KENNETH J. BROWN, JR., in
his official capacity as Chief of the Wall Township
Police Department,

        Defendants.

No. 22-cv-4397 (RMD-JBD)

## MEMORANDUM OPINION AND ORDER[1]

**RENÉE MARIE BUMB, Chief United States District Judge**

    **THIS MATTER** comes before the Court upon the parties' Joint Motion to Stay Judgment Pending Reconsideration. [Main Docket No. 232 ("Motion").] The parties agree to extend an earlier-ordered stay of final judgment—entered by Judge Sheridan prior to reassignment of the above-captioned cases to this Court—pending resolution of a contemplated motion to reconsider the final judgment by Plaintiffs.[2] To the extent

---

[1] Citations in this Order to "Main Docket" refer to Case No. 18-cv-10507; citations to "Cheeseman Docket" refer to Case No. 22-cv-4360; and citations to "Ellman Docket" refer to Case No. 22-cv-4397.
[2] "Plaintiffs" are herein defined as the Association of New Jersey Rifle & Pistol Clubs, Inc., Blake Ellman, Marc Weinberg, Mark Cheeseman, Timothy Connelly, Firearms Policy Coalition Inc., and Thomas Rogers.

2

the parties seek a further stay so that a motion to reconsider may be filed, the Court **DENIES** the Motion.

In each of the above-captioned consolidated cases, Judge Sheridan, in a July 30, 2024 Opinion and Judgment and Order, [Main Docket No. 228–29], held that the New Jersey Assault Firearms Law's ban on AR-15 assault rifles violated the Second Amendment but that the Law's ban on large capacity ammunition magazines (the "LCM Amendment") did not. Judge Sheridan *sua sponte* stayed "the effect of [the] Order and Judgment … for thirty days." [Main Docket No. 229 at 4.]

Minutes after Judge Sheridan issued the Order and Judgment, Plaintiffs Mark Cheeseman, Timothy Connelly, and Firearms Policy Coalition, Inc. (the "Cheeseman Plaintiffs") filed a notice of appeal to the United States Court of Appeals for the Third Circuit. [Cheeseman Docket No. 82.] The next day, the State Defendants[3] filed a letter requesting a conference with Judge Sheridan to discuss a briefing schedule for a potential motion for reconsideration and/or a motion for a stay pending appeal pursuant to Federal Rule of Appellate Procedure 8(a)(1). [Main Docket No. 230.]

On August 2, 2024, the consolidated cases were reassigned from Judge Sheridan to this Court in light of Judge Sheridan's retirement. [Main Docket No. 231; Ellman

---

[3] The "State Defendants" are herein defined as Patrick J. Callahan, Superintendent of the New Jersey Division of State Police, Matthew Platkin, Attorney General of New Jersey, Ryan McNamee, Chief of Police of the Chester Police Department, Joseph Madden, Chief of Police of the Park Ridge Police Department, Christine A. Hoffman, Acting Gloucester County Prosecutor, Kenneth J. Brown, Chief of the Wall Township Police Department, and Bradley Billhimer, Ocean County Prosecutor.

Docket No. 64.][4] Following the reassignment, the State Defendants did not move for reconsideration but cross-appealed the Order and Judgment. [Cheeseman Docket No. 84.][5] It is the Plaintiffs who now seek reconsideration of Judge Sheridan's Order and Judgment following reassignment to this Court. [Docket No. 232.] However, this Court would not entertain such a motion for the following reasons.

First, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control *over those aspects of the case involved in the appeal*." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (emphasis added). The purpose of the divestiture rule is to "prevent[] the confusion and inefficiency which would of necessity result were two courts to be considering the *same issue or issues* simultaneously." *Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985) (emphasis added).

When the Cheeseman Plaintiffs and the State Defendants filed notices of appeal, that divested this Court of jurisdiction over the only two issues these cases present—the constitutionality of the AR-15 ban and LCM Amendment. Both issues are now properly before the Third Circuit. Thus, it seems this Court would not have jurisdiction to hear the motion for reconsideration Plaintiffs seek to file because it

---

[4] *Cheeseman v. Platkin* was originally assigned to this Court, [*see* Cheeseman Docket, Entry of June 30, 2022], but was consolidated with the earlier-filed *Association of New Jersey Rifle & Pistol Clubs, Inc. v. Platkin* ("*ANJRPC*") along with *Ellman v. Platkin*. [Main Docket No. 148.]

[5] The State Defendants' cross-appeal concerns only the *Cheeseman* and *Ellman* cases. [Cheeseman Docket No. 84.] Judge Sheridan granted summary judgment for the State Defendants in *ANJRPC*.

would require this Court to consider the same issues already on appeal. *See Venen*, 758 F.2d at 120 (district court lacked jurisdiction to entertain motion for reconsideration while underlying action was on appeal); *Hussein v. New Jersey*, 2010 WL 2880174, at *1 (D.N.J. July 19, 2010) ("[T]he Court does not have jurisdiction to reconsider a matter that is currently on appeal.").[6] Doing so would create precisely the kind of confusion and inefficiency the divestiture rule seeks to avoid. *Venen*, 758 F.2d at 121.

Second, even if the Court was not divested of jurisdiction, it would decline to entertain Plaintiff's contemplated motion for reconsideration. Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure, *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999), but are allowed by this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which the party believes the Judge ... has overlooked." L. Civ. R. 7.1(i). But Local Rule 7.1(i) was not intended to give a party a "second 'bite at the apple' ... simply because the case has been reassigned." *Def. Distributed v. Platkin*, 2023 WL 3996346, at *2 (D.N.J. June 14, 2023) (Shipp, J.) (denying motion for reconsideration following reassignment). Rather, it was intended, by its express language, to permit the original judge who prepared the implementing order to "correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied* 476 U.S. 1171 (1986); *see* L. Civ. R. 7.1(i) ("[A] motion for reconsideration shall be served and filed within 14 days after the entry of

---

[6] At the very least, the Court would certainly not have jurisdiction to consider a reconsideration motion from the Cheeseman Plaintiffs.

5

the order or judgment on the original motion by *the Judge*.") (emphasis added). In other words, the Court should not and will not sit in judgment over another judge's final decision. That is the Third Circuit's role.

Of course, this Court advises that it would entertain a motion for reconsideration on reassignment in narrow circumstances to correct an arithmetic error or other technical error. But the Court does not anticipate such a narrow motion here. Instead, it would have to wade through a litigation record spanning six years including preliminary injunction proceedings, two rounds of summary judgment briefing, appeals to the Third Circuit, intervening Supreme Court precedent, *Daubert* motions, and countless other hearings. The Court declines to do so.

Accordingly,

**IT IS** this **12th** day of **August 2024**, hereby:

1.   **ORDERED** that the Joint Motion to Stay Judgment Pending Reconsideration is **DENIED**.[7]

> **s/Renée Marie Bumb**
> Renée Marie Bumb
> Chief United States District Judge

---

[7] Nothing in this Order shall be construed as a denial to stay the Order and Judgment pending appeal. FED. R. APP. P. 8(a)(1).